**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1370**

JUNE BUDIARTO,

               Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 20, 2015      Decided: December 18, 2015

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jason A. Dzubow, DZUBOW & PILCHER, PLLC, Washington, D.C., for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Emily Anne Radbord, Assistant Director, Nehal H. Kamani, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

June Budiarto, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of his requests for asylum and withholding of removal.* We deny the petition for review.

We have reviewed the record, including the supporting evidence presented to the immigration court and the transcript of Budiarto's merits hearing. We conclude that the record evidence does not compel any factual findings contrary to those made by the immigration judge and affirmed by the Board, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision to uphold the denial of Budiarto's applications for relief, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) ("The BIA's determination that [an applicant is] not eligible for asylum . . . can be reversed only if the evidence presented . . . [is] such that a reasonable factfinder would have to conclude that the requisite fear of persecution

---

* Budiarto did not challenge in his administrative appeal the immigration judge's denial of his application for relief under the Convention Against Torture. As such, to the extent that Budiarto seeks review of the disposition of this claim, we lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1) (2012); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the BIA before we have jurisdiction to consider it." (internal quotation marks omitted)).

2

existed."). Finally, the agency's rejection of Budiarto's past persecution claim, which was predicated exclusively on the bombing of Budiarto's church on Christmas Eve of 2000, is not "'manifestly contrary to the law.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2012)); see Susanto v. Gonzales, 439 F.3d 57, 59-60 (1st Cir. 2006) (upholding denial of past persecution claim asserted by Indonesian petitioners based, in part, on church bombing by Muslim extremists).

Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Budiarto (B.I.A. Mar. 11, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED